UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br>                              Plaintiff,  <br>vs.  <br>LINDA LIVOLSI, aka LINDA GROGG and WILLIAM LIVOLSI, JR.  <br>                              Defendants. | Case No. 2:10-cr-578-PMP-GWF  <br>**FINDINGS & RECOMMENDATIONS**  <br>**RE: Motion to Dismiss (#150)** |

This matter is before the Court on Defendant William Livolsi's Motion to Dismiss the Superceding Indictment Based on Violation of His Right to Due Process, Request for Evidentiary Hearing and Oral Argument (#150), filed on July 25, 2014. The Government filed its Response (#160) on July 31, 2014 and Defendant filed his Reply (#166) on August 20, 2014. The Court conducted a hearing in this matter on September 3, 2014.

## BACKGROUND

Defendant Linda Livolsi was originally indicted in this case on December 1, 2010 for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and wire fraud in violation of 18 U.S.C. § 1343. *Indictment (#1)*. Count One of the indictment alleged that Ms. Livolsi falsely and fraudulently induced people to invest with her by representing that she was an investment adviser to a hedge fund that would invest in publicly traded companies, and that her hedge fund had a track record of outstanding returns, when she then and there well knew that she would not invest their money in a hedge fund. ¶ 4. The indictment alleged that instead of investing the investors' money in a hedge fund, Ms. Livolsi and her co-conspirators used the money to pay for personal purchases and

expenses. ¶ 7. Count Two of the indictment alleged that Linda Livolsi committed wire fraud by obtaining $5,015,000.00 from an individual identified as "E. B." by means of materially false and fraudulent pretenses, representations and promises.  ¶¶ 11, 12.  Defendant Linda Livolsi made her initial court appearance on the indictment on January 20, 2011 at which time she plead not guilty. Trial of this case has been continued at various times due to Mrs. Livolsi's illnesses which prevented her from assisting in the preparation of her defense.

On January 7, 2014, the Government filed a superceding indictment which joined Linda Livolsi's husband, William Livolsi, Jr., as a co-defendant on Counts One and Two charging conspiracy to commit wire fraud and wire fraud. *Superceding Indictment (#110).*  The superceding indictment also alleges six additional counts against Linda Livolsi for filing false and fraudulent tax returns and failure to file tax return. *Id., Counts 3-8.*  Defendant William Livolsi, Jr. moves for dismissal of the superceding indictment on the grounds that the Government's thirty seven (37) month delay in bringing charges against him violates his right to due process of law under the Fifth Amendment to the United States Constitution.

Defendant's motion to dismiss did not identify any actual prejudice he has  suffered by the delay in joining him as a defendant in this case.  In his reply brief, however, Defendant states:

> One item of prejudice that can be established without a hearing and examination of grand jury transcripts is the apparent disappearance of Ellwood "Bunky" Bartlett.  As alleged by the Government, Mr. Bartlett invested over $5 million with Mrs. Livolsi in 2007.  The discovery shows that he gave an interview or several, to the FBI.  Obviously, he is a critical witness.

*Reply (#166), pg. 2.*

Mr. Bartlett is the alleged victim identified as  "E. B." in Count 2 of the original and superceding indictments.

At the September 3, 2014 hearing on this motion, Defendant's counsel submitted an affidavit from his investigator, Hubert J. Goodrich, regarding his efforts since August 2014 to locate Ellwood "Bunky" Bartlett. *Defendant's Hearing Exhibit A, Goodrich Affidavit.*  Mr. Goodrich determined that Mr. Bartlett now resides in Costa Rica.  Although Mr. Bartlett did not respond to telephone messages left by Mr. Goodrich, he did respond to an email that Mr. Goodrich sent to Mr. Bartlett's

attorney. In his email, Mr. Goodrich identified himself and stated: "I am trying to contact Ellwood "Bunky" Bartlett to ask him questions regarding any contacts he has had with William Livolsi." *Goodrich Affidavit, Exhibit 1*. Mr. Bartlett responded to Mr. Goodrich's email as follows: "To my knowledge I have never met him and if I did he was never introduced to me as William Livolsi. Feel free to reply all, but I am not aware of how I can help you if I have never meet (sic) him. All my dealings were with Linda Livolsi. I have included Special Agent Burkin on this email as well." *Id.*

Counsel for the Government represents that the Government has been aware that Mr. Bartlett resides in Costa Rica and states that it would have provided Defendant's counsel with Mr. Bartlett's contact information if he had requested it. The Government states that Mr. Bartlett is expected to return to the United States for trial and testify in the Government's case-in-chief. The Government further represents that Mr. Livolsi's role in the alleged conspiracy and wire fraud was to transfer funds received from the alleged victims into bank accounts used by Defendants for their personal benefit. The Government alleges that Linda Livolsi communicated with Mr. Bartlett and fraudulently induced him to provide her with funds for investment purposes.

## **DISCUSSION**

"The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive pre-indictment delay." *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007), quoting *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989) (internal quotation marks omitted). "Generally, any delay between the commission of a crime and an indictment is limited by the statute of limitations." *Id.,* citing *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992). However, in some circumstances due process requires that an indictment be dismissed even though it is brought within the statute of limitations. *Id.*

In order to obtain dismissal based on unreasonable pre-indictment delay, the defendant must satisfy both prongs of a two-part test. First, he must prove "actual, non-speculative prejudice from the delay." *Corona-Verbera*, 509 F.3d at 1112, quoting *Huntley*, 976 F.2d at 1290. Under the second prong of the test, the length of the delay is weighed against the reasons for the delay, and the defendant must show that the delay "offends those 'fundamental conceptions of justice that lie at the base of our civil and political institutions.'" *Id.*, quoting *United States v. Sherlock*, 962 F.3d at 1353-

1  54, which in turn quoted *United States v. Lovasco*, 431 U.S. 783, 790, 97 S.Ct. 2044, 52 L.Ed.2d 752
2  (1977).  The second prong of the test applies only if the defendant has demonstrated actual prejudice.
3  *Id.*, citing *United States v. Barkin*, 412 F.3d 1131, 1136 (9th Cir. 2005).

4      *Corona-Verbera* further states that "establishing prejudice is a 'heavy burden' that is rarely
5  met." 509 F.3d at 1112,  citing *Huntley*, 976 F.2d at 1290. "Generalized assertions of the loss of
6  memory, witnesses, or evidence are insufficient to establish actual prejudice." *Id.*, quoting *United
7  States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995).  The defendant "must show both that lost
8  testimony, witnesses or evidence meaningfully has impaired his ability to defend himself, and [t]he
9  proof must demonstrate by definite and non-speculative evidence how the loss of a witness or
10 evidence is prejudicial to [his] case." *Id.*, quoting *Huntley*, 976 F.2d at 1290 (internal quotation
11 marks omitted).

12     Mr. Livolsi clearly has not met his burden to show actual, non-speculative prejudice resulting
13 from the delay in bringing the indictment against him.  The only prejudice identified by Defendant is
14 the alleged unavailability of witness Ellwood Bartlett.  Mr. Bartlett, however, is not unavailable.
15 Although Mr. Bartlett currently resides in Costa Rica, the Government states that he is expected to
16 return to the United States and testify at trial.  Furthermore, Mr. Bartlett responded to Defendant's
17 investigator's email by stating that to his knowledge he never met Mr. Livolsi.  His email also
18 appears to indicate his willingness to communicate further with Defendant's representatives.  There
19 is no evidence that Defendant's counsel has attempted to communicate further with Mr. Bartlett
20 about the testimony he may provide at trial.  Finally, assuming for some reason that Mr. Bartlett does
21 not appear at trial, Defendant has not identified any expected testimony from him that is beneficial to
22 his defense.

### **CONCLUSION**

24     Defendant has not met his burden under the first prong of the two-part test to show that he
25 has suffered actual, non-speculative prejudice as a result of the Government's delay in bringing the
26 indictment against him.  Consequently, it is unnecessary for the Court to conduct an evidentiary
27 hearing to explore and consider the reasons for the delay.  Accordingly,
28 . . .

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendant William Livolsi, Jr.'s Motion to Dismiss the Superceding Indictment Based on Violation of His Right to Due Process, Request for Evidentiary Hearing and Oral Argument (#150) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 17th day of September, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge