# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:10-cr-00578-PMP-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LINDA LIVOLSI, aka LINDA G. FINDLEY, aka ) | **Motion to Sever (#148)** |
| LINDA GROGG, and WILLIAM LIVOLSI, JR., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendant William Livolsi, Jr.'s Motion for a Separate Trial or in the Alternative, a Separate Jury (#148), filed on July 25, 2014. The Government filed its Response (#158) on July 30, 2014. Defendant filed his Reply (#164) on August 20, 2014. The Court conducted a hearing in this matter on September 3, 2014.

## BACKGROUND

Defendant Linda Livolsi was originally indicted in this case on December 1, 2010 for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and wire fraud in violation of 18 U.S.C. § 1343. *Indictment (#1)*. Count One of the indictment alleged that Mrs. Livolsi falsely and fraudulently induced people to invest with her by representing that she was an investment adviser to a hedge fund that would invest in publicly traded companies, and that her hedge fund had a track record of outstanding returns. ¶ 4. The indictment alleged that instead of investing the investors' money in a hedge fund, Mrs. Livolsi and her co-conspirators used the money to pay for personal purchases and expenses. ¶ 7. Count Two of the indictment alleged that Linda Livolsi committed wire fraud by obtaining $5,015,000.00 from an individual identified as "E. B." by means of materially false and fraudulent pretenses, representations and promises. ¶¶ 11, 12. Defendant

Linda Livolsi made her initial court appearance on the indictment on January 20, 2011 at which time she plead not guilty. Trial of this case has been continued at various times due to Mrs. Livolsi's illnesses which prevented her from assisting in the preparation of her defense.

On January 7, 2014, the Government filed a superceding indictment which joined Linda Livolsi's husband, William Livolsi, Jr., as a co-defendant on Counts One and Two charging conspiracy to commit wire fraud and the crime of wire fraud. *Superceding Indictment (#110)*. Other than adding Mr. Livolsi as a defendant on these counts, the allegations are identical to those in the original indictment. The superceding indictment also alleges six additional counts against Linda Livolsi for filing false and fraudulent tax returns for the years 2003, 2004, 2005, and 2006, Counts 3-6, and for failure to file tax returns in 2007 and 2008, Counts 7 and 8. *Id.* As alleged in the superceding indictment and somewhat more fully explained in the Government's response to Defendant's motion, each of the tax violation counts are based on Mrs. Livolsi's alleged failure to report, as income, the investor funds she misappropriated. *Response (#158), pgs. 3-4*.

During the September 3, 2014 hearing, Government's counsel indicated that Mr. Livolsi participated in the use of the misappropriated funds for his and his wife's personal benefit. Counsel also explained the Government's theory of its case against Mr. Livolsi as follows: Linda Livolsi solicited $5 million from Ellwood "Bunky" Bartlett which she promised to invest for him. Instead, Linda Livolsi transferred "several million dollars of that $5 million" to Defendant William Livolsi, Jr., who used the money to pay off prior investors whose investment funds Mrs. Livolsi had similarly misappropriated, and who had sued and obtained judgments against Mrs. Livolsi.

## **DISCUSSION**

Rule 8(b) of the Federal Rules of Criminal Procedure permits the joinder of defendants who have allegedly participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses. Co-defendants jointly charged are, *prima facie*, to be jointly tried. *United States v. Mariscal*, 939 F.2d 884, 885 (9th Cir. 1991). This rule "should be construed broadly in favor of initial joinder." *United States v. Ford*, 632 F.2d 1354, 1373 (9th Cir.), *cert. denied*, 450 U.S. 934, 101 S.Ct. 1399 (1981). Joinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence. *United*

*States v. Vasquez–Velasco*, 15 F.3d 833, 844 (9th Cir. 1994). There is a strong preference for joint trials because separate trials would "impair both the efficiency and the fairness of the criminal justice system" by requiring the United States to "bring separate proceedings, presenting the same evidence again and again[.]" *Richardson v. Marsh*, 481 U.S. 200, 210, 107 S.Ct. 1702, 1708 (1987). Joint trials also serve the interests of justice "by avoiding the scandal and inequity of inconsistent verdicts." *Id.* 481 U.S. at 211, 107 S.Ct. at 1709. *See also Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 937 (1993). The Ninth Circuit has repeatedly stated that a joint trial is particularly appropriate in a conspiracy case where the evidence of the individual conspirators' conduct and statements in furtherance of the conspiracy are admissible against all of the defendants charged in the conspiracy. *United States v. Hernandez*, 952 F.2d 1110, 1114-15 (9th Cir. 1991); *United States v. Freeman*, 6 F.3d 586, 598 (9th Cir. 1993); and *United States v. Cruz*, 127 F.3d 791, 799 (9th Cir. 1997), *abrogated on other grounds by United States v. Jimenez Recio*, 537 U.S. 270, 123 S.Ct. 819 (2003).

Rule 14(a) of the Federal Rule of Criminal Procedure states that if joinder of offenses or defendants for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires. To obtain severance, a defendant must satisfy the "heavy burden" of showing that prejudice would result from joinder. *United States v. Sitton*, 968 F.2d 947, 961 (9th Cir. 1992). *United States v. Vaccaro*, 816 F.2d 443, 448 (9th Cir. 1987) notes that because some prejudice is inherent in any joinder of defendants, "if only 'some' prejudice is all that need be shown, few, if any, multiple defendant trials could be held." The Supreme Court in *Zafiro* stated that "[d]efendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." 506 U.S. at 540, 113 S.Ct. at 938. Severance should only be granted where there is a serious risk that a joint trial would either compromise a specific constitutional right of one of the defendants or prevent the jury from compartmentalizing the evidence as it relates to individual defendants. Even where the risk of prejudice seems high, such risk can often be cured by "less drastic measures, such as limiting instructions." *Zafiro*, 506 U.S. at 539.

. . .

...

The Ninth Circuit has developed a four-part test to aid the district court's determination of whether severance should be granted. These factors include: (1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether the defendants can show with some particularity, a risk that joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocense. *United States v. Hernandez-Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008), citing *United States v. Sullivan*, 522 F.3d 967, 981-82 (9th Cir. 2008). The most important factors are whether the jury can compartmentalize the evidence against each defendant and the judge's diligence in providing evidentiary instructions to the jury. *Sullivan*, 522 F.3d at 981-82.

Mr. Livolsi argues that his joinder for trial with Linda Livolsi pursuant to Rule 8(b) is improper by virtue of the separate charges against her for filing false and fraudulent tax returns and for failure to file tax returns. In support of his argument, Mr. Livolsi relies on *United States v. Shellef*, 507 F.3d 82 (2d Cir. 2007) in which the court held that certain tax evasion and filing false tax return charges against one of the defendants were improperly joined for trial with charges against both defendants for conspiracy to defraud the IRS, wire fraud and money laundering. The court held that the 1996 tax evasion and false filing charges occurred prior to the alleged conspiracy, wire fraud and money laundering, and therefore should not have been joined for trial with those counts. In so holding, the court stated:

> We apply a "commonsense rule" to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to either or both of the defendants resulting from the joinder. *See* [*United States v. Turoff,* 853 F.2d 1037, 1044 (2d Cir. 1988)] ("applying a commonsense rule to these facts" to determine whether "a reasonable person would easily recognize the common factual elements that permit joinder"); *see also id.* at 1042 (recognizing that the tests for joinder "reflect[ ] a policy determination that [in some circumstances,] gains in trial efficiency outweigh the recognized prejudice that accrues to the accused"). For example, counts might be "connected" if one of the offenses "depend[s] upon [ ] or necessarily l[eads] to the commission of the

> other," or if proof of one act "constitute[s][ ]or depend[s] upon proof of the other." [*United States v. Halper,* 590 F.2d 422, 429 (2d Cir. 1978)].
>
>> "Tax counts may be joined with non-tax counts where it is shown that the tax offenses arose directly from the other offenses charged." *Turoff,* 853 F.2d at 1043. "The most direct link possible between non-tax crimes and tax fraud is that funds derived from non-tax violations either are or produce the unreported income." *Id.* Thus, if a defendant is charged with fraud, the government may prosecute the defendant for fraud and for not paying taxes on the profits produced by the alleged fraud jointly. And "if the character of the funds derived do not convince us of the benefit of joining these two schemes in one indictment, other overlapping facts or issues may." *Id.* at 1043–44.
>
> *Shellef,* 507 F.3d at 98.

The court stated that the 1999 tax counts against the defendant could have been properly joined for trial with the conspiracy, wire fraud, and money laundering counts because defendant's unreported 1999 income was produced by those schemes. *Id.* at 98-99 citing *United States v. Biaggi,* 909 F.2d 662, 676 (2d Cir.1990) (holding that tax counts were properly joined with conspiracy counts because most of the unreported income was produced by the conspiracy).

Mr. Livolsi also relies on *United States v. Sarkisian*, 197 F.3d 966 (9th Cir. 1999) which held that conspiracy charges relating to an automobile theft ring were improperly joined for trial with a count charging an extortion scheme. The extortion scheme was directed by the same defendant who directed the automobile theft ring. Some of the defendants who participated in the auto theft ring also participated in the extortion. In holding that these facts were not sufficient to support joinder, the court stated:

> This is not an instance where one criminal activity naturally flows from separate criminal conduct. *See United States v. Golb*, 69 F.3d 1417, 1426 (9th Cir. 1995) ("Obviously the laundering of drug proceeds through the purchase of airplanes to smuggle drugs is logically related to drug smuggling."); [*United States v. Sanchez-Lopez*, 879 F.2d 541, 551 (9th Cir. 1989)] (holding that drug smuggling and transportation of illegal aliens are logically related because "illegal aliens could thwart . . . immigration laws if they can support themselves in this country through the money obtained through [drug smuggling]"); *United States v. Patterson*, 819 F.2d

. . .

>>1495, 1501 (9th Cir. 1987) (stating that tax evasion and conspiracy to distribute heroin are logically related where unreported income is derived from heroin sales). . . .

*Sarkisian*, 197 F.3d at 976.

As the above passages indicate, neither *Shellef* nor *Sarkisian* supports Mr. Livolsi's argument against joinder in this case. The tax charges against Linda Livolsi are clearly logically related to the conspiracy and wire fraud charges and naturally flow out of her alleged misappropriation of investor funds to her own benefit. Joinder of these counts for trial is therefore proper under Rule 8(b).

The Court, in its discretion, may grant severance of Mr. Livolsi's trial if he is likely to be unduly prejudiced by a joint trial. With the aid of evidentiary and limiting instructions, the jury should be able to compartmentalize the evidence presented against each Defendant such that the risk of prejudice to Mr. Livolsi can be avoided or minimized. The Court agrees with the Government that a substantial and primary part of the evidence to be presented at trial will relate to the alleged conspiracy and wire fraud charges against both Defendants. The Government will also present evidence on the tax violation counts in an effort to prove that Mrs. Livolsi did not report to the IRS, the income that she allegedly derived from the fraudulent scheme. It does not appear, however, that the evidence regarding the tax counts will be so voluminous, time consuming or overwhelming that the jury will lose sight of the fact that Mr. Livolsi is not charged in those counts or that he will be convicted based merely on his association with his co-defendant wife, rather than being fairly acquitted or convicted on the evidence relating to his alleged conduct in the conspiracy or wire fraud.

## **CONCLUSION**

The tax violation counts against Defendant Linda Livolsi are logically related to and flow out of the counts relating to the alleged conspiracy and wire fraud. With the aid of evidentiary and limiting instructions, the jury should be able to compartmentalize and evaluate the evidence as each Defendant, as well as the differences in the charges against each Defendant. Therefore, severance of the Defendants' trials or the impaneling of separate juries for each Defendant is not necessary. Accordingly,

1     **IT IS HEREBY ORDERED** that Defendant William Livolsi, Jr.'s Motion for a Separate Trial or in the Alternative, a Separate Jury (#148) is **denied**.

DATED this 18th day of September, 2014.

*George Foley Jr.*
_____
GEORGE FOLEY, JR.
United States Magistrate Judge