1   DANIEL G. BOGDEN
    United States Attorney
2   Nevada Bar No. 2137
    DANIEL D. HOLLINGSWORTH
3   Assistant United States Attorney
    Nevada State Bar No. 1925
4   Lloyd D. George United States Courthouse
    333 Las Vegas Boulevard South, Suite 5000
5   Las Vegas, Nevada 89101
    Telephone: (702) 388-6336
6   Facsimile: (702) 388-6787
    E-mail: Daniel.Hollingsworth@usdoj.gov
7   Counsel for the United States of America

8

9

10                    **UNITED STATES DISTRICT COURT**

11                         **DISTRICT OF NEVADA**

12   UNITED STATES OF AMERICA,            )
                                          )
13              Plaintiff,                )
                                          )
14        v.                              )   2:10-CR-578-APG-(GWF)
                                          )
15   LINDA LIVOLSI, aka                   )
     LINDA G. FINDLEY, aka                )
16   LINDA GROGG, and                     )
     WILLIAM LIVOLSI, JR.,                )
17                                        )
               Defendants.                )
18

19          **UNITED STATES OF AMERICA'S**
     **AMENDED MOTION FOR AN INTERLOCUTORY ORDER OF SALE OF**
20    **804 NORTH BROADWAY, CLEVELAND, OKLAHOMA 74020, AND ORDER**

21        The United States respectfully moves this Court for an Order for an Interlocutory Sale of the real

22   property located at 804 North Broadway, Cleveland, Oklahoma 74020 ("property"). The real property is

23   more particularly described as follows:

24        Real property located at 804 North Broadway, Cleveland, Oklahoma 74020, APN/Parcel #

25        2020-00-005-013-0-001-00, consisting of six lots, a restaurant known as The Broadway Grill,

26        held in the name of William J. Livolsi, Jr., as Trustee of the William J. Livolsi, Jr. Living

Trust Dated December 23, 2002, and any appurtenances or improvements thereon, legally described as follows:

Lands and property, together with all improvements located thereon, lying in the County of Pawnee, State of Oklahoma, to-wit: Lots Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), Seventeen (17), and Eighteen (18) of Block Five (5) in Broadway Addition to the City of Cleveland, Pawnee County, State of Oklahoma according to the recorded plat thereof.

Through the Interlocutory Order of Sale, the United States requests this Court to authorize the United States Marshals Service to sell the property through one of its approved methods.

The grounds for issuing the Order for an Interlocutory Sale are the property is at risk for further deterioration or decay, the expenses of keeping the property will take away from the amount that can be paid to victims, the taxes have been in default since 2010, and this Court is authorized to approve interlocutory sales. This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

DATED this 2nd day of October, 2015.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/DanielD.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE CASE

### A. Procedural History

The Grand Jury returned a Superseding Criminal Indictment ("Indictment") (ECF No. 110), charging Linda Livolsi, aka Linda G. Findley, aka Linda Grogg ("Linda"), and her husband, William Livolsi, Jr. ("William"), with counts of Wire Fraud in violation of 18 U.S.C. § 1343; Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1349; and charging Linda with multiple counts of 26 U.S.C. § 7206(1), False and Fraudulent Tax Returns; and 26 U.S.C. § 7203, Failure to File Tax Returns. The

Indictment included a Forfeiture Allegation of 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p). (ECF No. 110).

Linda pled guilty to one count of Wire Fraud in violation of 18 U.S.C. § 1343 and one count of False and Fraudulent Tax Returns in violation of 26 U.S.C. § 7206(1) (ECF Nos. 110, 182). William pled guilty to one count of Wire Fraud in violation of 18 U.S.C. § 1343 (ECF Nos. 110, 185). Both agreed to the criminal forfeiture money judgment of $5,015,000 set forth in the Forfeiture Allegation of the Superseding Indictment (ECF Nos. 110, 182, 185). The district court issued Orders of Forfeiture, requiring Linda and William to pay an in personam criminal forfeiture money judgment of $5,015,000 (ECF Nos. 183, 186).

The district court sentenced Linda to 45 months in prison and William to 24 months in prison, both followed by supervised release for a three year period (ECF Nos. 204, 206). As part of the sentence, the district court ordered Linda and William to pay the criminal forfeiture money judgment of $5,015,000 and attached it to the Judgments In A Criminal Case (ECF Nos. 204, 206).

**B.  Statement of Facts**

The Livolsi's owe a criminal forfeiture money judgment of $5,015,000.  The United States filed a Sealed Ex Parte Motion to Substitute and to Forfeit Property of Linda Livolsi and William Livolsi, Jr., (ECF No. 208), specifically parcels of real property located at 53515 S. 36700 Road, Cleveland, Oklahoma 74020 and real property located at 804 North Broadway, Cleveland, Oklahoma 74020.  This Court entered the Amended Substitution and Forfeiture Order (ECF No. 212) and the USMS took the substitute properties into custody (ECF No. 220).

The United States discovered the real property located at 53515 S. 36700 Road, Cleveland, Oklahoma 74020 was sold in a mortgage foreclosure sale on August 17, 2015, for lack of mortgage payments since 2005.  The United States filed Notice (ECF No. 221) that its interests and rights expired in that piece of real property since it is no longer in its custody and the amount owed was greater than the property was worth.

The United States now requests this Court to authorize the United States Marshals Service ("USMS") to sell the real property located at 804 North Broadway, Cleveland, Oklahoma 74020 through

1   one of its approved methods.  The purpose of the interlocutory sale is to liquidate the property to allow for

2   easier USMS management by converting the real property to cash to reduce the cost of maintaining the

3   property and to avoid further deterioration and decay to the property.

4           The remaining statement of facts below comes from the Affidavit of Paralegal Specialist Michelle C.

5   Lewis. Exhibit 1 ("Ex. 1"), attached hereto and incorporated herein by reference as if fully set forth herein.

6           The property is continuing to decay and deteriorate while in the custody of the USMS.  According to

7   the USMS, the property located at 804 North Broadway, Cleveland, Oklahoma 74020 is a vacant, boarded-

8   up restaurant formerly known as Broadway Grill.  The lot is 21,000 square feet with a 3,560 square foot

9   vacant restaurant building and a small outbuilding in the rear.  The property does have a frontage on

10  Broadway, which is Cleveland's main street.  The building was originally constructed in 1984 as a Kentucky

11  Fried Chicken restaurant.  The building was last remodeled as Broadway Grill, which operated as a sit-down

12  family restaurant.  The Broadway Grill is reputed to have closed in 2007/2008 and does not appear to have

13  been used since.  The building appears to have substantial deferred maintenance.  The primary value of the

14  property is in the land. Ex. 1.

15          The property is ripe for a tax sale due to delinquent taxes.  According to the Pawnee County

16  Treasurer's Office, the property is several years delinquent in taxes.  A lien was placed on this property on

17  October 1, 2012, by Pawnee County for failure to pay taxes since 2009.  Approximately $16,021.26 in back

18  taxes are owed to the Pawnee County, Oklahoma Treasurer.  The County has attempted in the past to hold

19  tax sales, but called the sales off for various reasons.  For instance, previous tax sales have been called off

20  when the Livolsi's promised to pay the back taxes and when the Livolsi's filed for bankruptcy.  The Pawnee

21  County Treasurer will hold its next tax sale in June 2016. Ex. 1.

22          The costs of the USMS to keep the property are excessive.  According to the USMS, the property

23  management expenses will be approximately $5,100 annually. Ex. 1.  If the government sells the real

24  property, the management expenses will not continue to accrue.  Continuing to hold on to the property will

25  whittle away the net proceeds and ultimately the amounts available to be restored back to the victims in this

26  case.

## II. ARGUMENT

This Court has authority to issue the Interlocutory Order of Sale.  Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") G(7) authorize Interlocutory Sales.  "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7).  The United States may move this Court to order the above-mentioned property "sold if:"

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rules G(7)(b)(i)(A)-(D).  These four reasons for the interlocutory sale apply in this case regarding the real property located at 804 North Broadway, Cleveland, Oklahoma 74020.  The United States may sell the real property if this Court so orders. Supplemental Rules G(7)(b)(ii) ("A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates.").  The USMS will sell the real property through one of its approved methods. Supplemental Rules G(7)(b)(iii) ("The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.").

"Following entry of [a preliminary order of forfeiture], the court may, upon application of the United States, ... take any other action to protect the interest of the United States in the property ordered forfeited …", including an interlocutory order of sale. 21 U.S.C. § 853(g).  The sale proceeds of the real property will be the "substitute res subject to forfeiture in place of the property that was sold." Supplemental Rules G(7)(b)(iv).  "The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." *Id.*

## III. CONCLUSION

The United States respectfully requests that this Court order the interlocutory sale of the real property located at 804 North Broadway, Cleveland, Oklahoma 74020 under the following four reasons: (1)

1   the property is perishable and is at risk of deterioration, decay, and injury; (2) the expense of keeping the

2   property is disproportionate to its fair market value; (3) the property is subject to taxes on which the owner is

3   in default and a potential tax sale; and (4) the court finds other good cause.  Selling the real property through

4   this interlocutory sale will protect the real property, preserve its value, and liquidate the property to allow for

5   easier management of the asset to be used towards the Livolsi's criminal forfeiture money judgment.

6        Dated this 2nd day of October, 2015.

7                                          Respectfully submitted,

8                                          DANIEL G. BOGDEN
                                           United States Attorney
9

10                                         /s/DanielD.Hollingsworth
                                           DANIEL D. HOLLINGSWORTH
11                                         Assistant United States Attorney

12

13

14                                         IT IS SO ORDERED:

15

16

17                                         _____
                                           UNITED STATES DISTRICT JUDGE
18
                                           DATED:  10/22/15
19

20

21

22

23

24

25

26

**PROOF OF SERVICE**

A copy of the foregoing was served upon counsel of record via Electronic Filing on October 2, 2015.

/s/ Michelle C. Lewis
MICHELLE C. LEWIS
Paralegal Specialist